NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2012
Decided January 31, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3733

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:09CR40082-002-JPG |
| DEANDRE D. BROWN, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Deandre Brown pleaded guilty to two counts of conspiracy to distribute controlled substances (heroin and cocaine), 21 U.S.C. § 846, and was sentenced to 262 months in prison, the bottom of the calculated guideline range. Brown filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Brown opposes his lawyer's motion. *See* Cir. R. 51(b). We limit our review to the potential issues identified by counsel's facially adequate brief and Brown's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Brown could challenge his 262-month sentence. Counsel correctly notes, however, that Brown withdrew the objections he had raised at sentencing (to the presentence report's relevant conduct findings and recommended

enhancement for firearm possession) and that the sentence was properly calculated. As counsel also recognizes, we would presume Brown's within-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and counsel cannot identify any reason to disturb that presumption. We note that the district court adequately evaluated the factors listed in 18 U.S.C. § 3553(a), including Brown's history and characteristics—noting among other things his lengthy criminal record and need for medical care to treat his cocaine and heroin addiction.

Counsel also relays that Brown told him that he did not wish to challenge his guilty pleas, and so counsel properly omits from his brief any discussion of the plea colloquy or the voluntariness of Brown's guilty pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But Brown's response suggests that he now wishes to challenge the pleas on grounds that the district judge violated Federal Rule of Criminal Procedure 11(c)(1) by participating in plea negotiations with Brown's attorney, the prosecutor, and Brown's mother. We find nothing in the record of this case to support the notion that this long-experienced district judge played a role in plea negotiations, and Brown does not point to any potential evidence of that in his submission to this court. *See United States v. Cannady*, 283 F.3d 641, 647 (4th Cir. 2002) (refusing to entertain Rule 11 judicial participation argument on direct appeal when record did not show alleged communication between judge and government). If Brown wishes to pursue this argument, it would be better addressed in a collateral proceeding so that a more complete record could be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *Murchu v. United States*, 926 F.2d 50, 56–57 (1st Cir. 1991) (reviewing denial of collateral motion alleging off-record judicial participation in plea negotiation).

Brown also proposes arguing that the court incorrectly held him accountable for distributing 100 grams of heroin, while the presentence investigation report (adopted by the court) assessed his conduct relevant to the offense at 84 grams. This argument is frivolous. Not only did Brown at his change-of-plea hearing acknowledge a factual basis for 100 grams, but the district judge also made clear in the plea colloquy that he and the probation officer would independently calculate the drug quantities. *See United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008). In any event Brown's advisory guideline range would have been the same with or without inclusion of the heroin: the crack and powder cocaine amounts were enough to reach his calculated base offense level, after the probation officer had converted them into their marihuana equivalents for a total of more than 3,700 kilograms. *See U.S.S.G. § 2D1.1(a)(1), (c), cmt. n.10(D).*

Brown last proposes arguing that the district court should have given him the benefit of the Fair Sentencing Act's reduction of the disparity between crack and powder cocaine sentences. Brown did in fact benefit from the Act, as it directed the United States Sentencing

Commission to promulgate amendments to the guidelines that lowered the base offense level for crack cocaine offenses by two levels. *See generally* U.S.S.G. app. C, vol. III (Amendment 748) (explaining amendments to § 2D1.1).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.